UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. ARNOLD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15CV01908 ERW |
| | ) | |
| IAN WALLACE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Michael Arnold's *Pro Se* Petition under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* by a Person in State Custody [1] and Petitioner Michael Arnold's Motion for Order Summary Judgment to Grant Habeas Corpus Relief to Reverse Trial Court Ruling and Remand for Acquittal of All Charges and Allegations [40].

**I.    BACKGROUND**

Petitioner Michael Arnold ("Petitioner") was convicted by jury of one count of first-degree statutory rape, one count of second-degree statutory rape, two counts of first-degree statutory sodomy, one count of second-degree statutory sodomy, and one count of using a child in a sexual performance. The Circuit Court of Ste. Genevieve County sentenced Petitioner to consecutive sentences totaling 246 years imprisonment: seventy-five years for his conviction of first-degree statutory rape, seventy-five years for each count of first-degree statutory sodomy, seven years for second-degree statutory rape, seven years for second-degree sodomy and seven years for using a child in a sexual performance. Petitioner filed a direct appeal and his convictions were affirmed by the Missouri Court of Appeals for the Eastern District of Missouri. Petitioner then, filed a timely motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. The post-conviction motion court ("the motion court") granted, in part,

1

Petitioner's post-conviction relief motion ("PCR motion") and vacated the seventy-five year sentences, but not the convictions.[1] All other relief was denied. Petitioner filed an appeal of denial of post-conviction relief and the motion court's judgment was affirmed. On November 14, 2016, Petitioner was resentenced to seventy-five years for each of his convictions of first-degree statutory rape and two counts of first-degree statutory sodomy, to run consecutive to Petitioner's sentences on the remaining counts of second-degree statutory rape, second-degree statutory sodomy, and use of a child in a sexual performance, for a total sentence of 246 years imprisonment. Petitioner filed an appeal of his sentence, but subsequently chose to withdraw his appeal. He filed a second PCR motion, which was denied on December 13, 2017.

On December 23, 2015, Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254.

## II.     STANDARD

"A state prisoner who believes that he is incarcerated in violation of the Constitution or laws of the United States may file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005). In order for a federal court to grant an application for a writ of habeas corpus brought by a person in custody by order of a state court, the petitioner must show that the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1] The motion court held the jury was improperly instructed as to the range of punishment for the charges of first-degree statutory rape and first-degree statutory sodomy. At resentencing, Petitioner waived his right to be resentenced by a jury and a judge imposed the same seventy-five years imprisonment for each of the three counts.

28 U.S.C. § 2254(d)(1)-(2). A determination of a factual issue made by a state court is presumed to be correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence. *Id.* at § 2254(e)(1).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'" *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000)). An unreasonable application of clearly established Supreme Court precedent is found where the state court identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *Ryan v. Clark*, 387 F.3d 785, 790 (8th Cir. 2004). Finally, a state court decision may be considered an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Id.*

## III. DISCUSSION

Petitioner asserts fifteen claims in his petition for writ of habeas corpus. He also filed a supplemental motion asserting an additional seventeen claims.[2] The claims asserted in his original petition are as follows: (1) trial counsel was ineffective for failing to object when Petitioner was allegedly tried for an offense not charged; (2) trial counsel was ineffective for failing to object to jury instruction number 16; (3) trial counsel was ineffective for failing to object to the prosecutor's rebuttal closing argument;[3] (4) direct appeal counsel was ineffective for failing to assert on appeal the trial court improperly instructed the jury on the ranges of

---

[2] Petitioner also filed a third document titled "Official Legal Notification (Supplemental Document). It appears to be additional allegations Petitioner puts forth in support of his claims raised in the original petition and supplemental motion. These allegations are not new claims and the Court's adjudication of Petitioner's claims in his original motion and supplemental motion include the allegations asserted in his "Official Legal Notification."
[3] Claims 1-3 are listed in Ground 1 of Petitioner's petition. The Court has separated them into three separate claims because they address different grounds for ineffective assistance of counsel.

3

punishment; (5) direct appeal counsel was ineffective for failing to assert on appeal the trial court plainly erred by imposing a sentence in excess of the law; (6) trial counsel was ineffective for failing to object to the admissibility of a computer seized from Petitioner's home; (7) trial counsel was ineffective for failing to challenge Detective Jacob Hutching's attempt to obtain Petitioner's confession; (8) trial counsel was ineffective for failing to inform the trial court a witness, Petitioner's daughter, offered allegedly perjured testimony during the penalty phase; (9) trial counsel was ineffective for failing to object to the admissibility of a video of the victim and a friend in the shower; (10) trial counsel was ineffective for failing to properly impeach the victim's mother with prior inconsistent statements; (11) trial counsel was ineffective for failing to impeach the victim with prior inconsistent statements; (12) trial counsel was ineffective for failing to object when witnesses C.S. and K.S. could not identify Petitioner in court; (13) trial counsel was ineffective for failing to present evidence regarding the victim's statements during the Children's Advocacy Center interview; (14) Petitioner was subject to an unlawful search and seizure; and (15) Petitioner's Fifth Amendment rights were violated when Detective Hutching attempted to obtain his confession after he invoked his right to counsel.

In the supplement to his motion, Petitioner asserts the following claims: (1) Petitioner was arrested without warrant, want or cause; (2) Detective White made a perjured statement and false report; (3) Detective White placed Petitioner under duress; (4) Detective White obtained a laptop computer without a search warrant; (5) Detective White failed to give Petitioner his *Miranda* warning; (6) a conflict of interest existed when Timothy Inman, the prosecutor at the time of Petitioner's arrest, allegedly presided over Petitioner's preliminary hearing after he was elected judge; (7) Judge Pratte and Prosecutor Kinsky engaged in ex parte communications; (8) trial counsel was ineffective for failing to properly impeach the victim with statements made

during her Children's Advocacy Center interview; (9) the State solicited false testimony from K.G. during the penalty phase; (9) the State "criminally coer[c]ed" the victim's mother offering her a plea of ten years in exchange for her "perjured testimony"; (11) forensic examiner Richard Scott made incorrect and misleading statements about Petitioner; (12) trial counsel failed to properly impeach the victim's mother using the four-step impeachment method; (13) trial counsel failed to impeach the victim regarding the year the incidents occurred using information about Petitioner's address at that time; (14) the prosecutor introduced false testimony from the victim about the year of the incidents; (15) the prosecutor made false statements in opening statements and closing arguments; (16) the Hewlett Packard laptop should not have been admitted at trial because it was seized without a proper search warrant; and (17) the trial court erred in allowing the prosecutor to personalize his arguments, use known inadmissible evidence, and use known perjured testimony. The Court will address each claim as follows.

  A.  *Claims Procedurally Defaulted*

In his original petition, all but one of Petitioner's claims are procedurally defaulted. Petitioner must raise each claim presented in his federal habeas petition in state court proceedings. *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006). Claims that were not presented in state court proceedings, and for which there is no remaining state court remedy, are defaulted. *Id*. To overcome a procedural default, a petitioner must show cause for not presenting the claim in state court, and prejudice from the failure, or a fundamental miscarriage of justice. *Storey v. Roper*, 603 F.3d 507, 523 (8th Cir. 2010). In order to establish a fundamental miscarriage of justice, a petitioner must present "new reliable evidence that he was innocent of the crime of which he was convicted." *Id*. at 524.

To avoid procedural default, Petitioner must have presented all of his claims regarding ineffective assistance of counsel in his PCR motion and in his appeal of his PCR motion. Petitioner only presented claim three, ineffective assistance of counsel for failure to object to the prosecutor's rebuttal closing argument, in his appeal of his PCR motion. Therefore, claims 1, 2, and 5-13 are procedurally defaulted.[4] *See Storey*, 603 F.3d at 523 ("Storey did not appeal this finding in his state post-conviction appeal, and it is therefore procedurally defaulted."). Claim four was granted by the PCR motion court and Petitioner was resentenced as a result, therefore, this claim is moot. Claim 14, alleging Petitioner was subject to an unlawful search and seizure, and claim 15, alleging Petitioner's Fifth Amendment rights were violated, are also procedurally defaulted. Petitioner was required to present these claims in his direct appeal of his conviction and he failed to do so. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (Before seeking federal review, a petitioner must fairly present each claim to the appropriate state court.).

In his supplemental motion, fifteen of his seventeen claims are procedurally defaulted. Three of his claims are the same as claims raised in his original petition and were not raised in either his PCR motion or his PCR appeal. His first claim in his supplement[5] is the same as his fourteenth claim in his original petition; his eighth claim in his supplement[6] is the same as his thirteenth claim in his original petition; and his twelfth claim in his supplement[7] is the same as his tenth claim in his original petition. Claims two through five, seven, nine, fourteen, and fifteen were not raised in Petitioner's direct appeal of his conviction. Additionally, claims seven, nine, fourteen, and fifteen were not raised in Petitioner's PCR motion before the state court. Claims six, and ten through fifteen were not raised in Petitioner's PCR motion or his PCR appeal.

---

[4] Claims 2, 4, and 5 were presented in Petitioner's PCR motion, but they were not included in his appeal.
[5] This claim alleges Petitioner was arrested without cause in violation of the Fourth Amendment.
[6] This claim alleges Petitioner's counsel failed to properly impeach the victim with statements she made during the Child Advocacy Center interview.
[7] This claim alleges Petitioner's counsel failed to properly impeach the victim's mother and challenge her mental competency.

Because these claims were not properly raised before the state court, Petitioner cannot raise them for the first time in federal court, unless he can overcome the procedural default by establishing prejudice from the failure or a fundamental miscarriage of justice.

Petitioner has not established either prejudice from the failure to raise any of his claims or a fundamental miscarriage of justice. He has not presented any new evidence to establish actual innocence. Therefore, these claims must be dismissed.

      *B.*      *Claims Where State Decision is Entitled to Deference*

The third claim of Petitioner's original petition and the seventeenth claim of his supplemental motion must be denied because the state courts' previous decisions on these claims, including the state PCR motion court's decision and the state appellate court's decision on Petitioner's PCR, are entitled to deference by this Court. In his third claim in his original petition and his seventeenth claim in his supplement, Petitioner alleges his trial counsel was ineffective for failing to object "when prosecutor argued facts not in evidence, personalizing his argument to the jury" in rebuttal closing argument. Petitioner includes no other facts in support of his claim. Although Petitioner includes no facts or specifics in his claims, the Court will assume this claim is the same as the claim he raised in his PCR motion when he alleged his trial counsel was ineffective "when the prosecutor argued facts not in evidence and that personalized his argument to the jury in rebuttal closing argument." Petitioner asserts his trial counsel should have objected when the prosecutor made the following two statements in his rebuttal closing argument:

> 1.    Folks, if there is one thing that we've learned about cases like this over the years is that sometimes the truth emerges slowly, because what a child learns when they are five or six years old gets imprinted on them.
> 2.    And then a child or a victim learns to internalize some sense of shame, some sense of embarrassment. Folks, put yourself in [B.P.'s] shoes for a second.

7

What is it like to be seventeen years old in this county and come before a bunch of strangers and say that this happened?

ECF No. 13-9, pgs. 42-43.

The PCR motion court denied Petitioner's claims and stated:

> Objections during closing argument are considered a function of trial strategy. Objections to isolated statements in argument may serve to highlight a comment to the jury. Thus, not every failure to object constitutes ineffectiveness. Trial counsel will be deemed ineffective for failing to object to closing argument only if the argument prejudiced defendant and resulted in substantial deprivation of the defendant's right to a fair trial. The allegedly improper argument must be considered in the context of the trial as a whole.
>
> The challenged portions of the rebuttal argument include that the truth sometime emerges slowly in child sexual assault cases because a young child believes that what happens to her when she is five or six is normal and later develops a sense of shame which delays disclosure. This was a permissible argument and did not imply special knowledge by the prosecuting attorney. The challenged portion does include an argument that the jurors should imagine what it is like for the victim to come forward and testify before them. This is not improper personalization; improper personalization suggests personal danger to the jurors or families. The challenged rebuttal argument was fleeting and did not unfairly prejudice the movant. There were abundant reasons of trial strategy not to object.

ECF No. 13-9, pgs. 53-54 (internal citations omitted).

Petitioner also raised this claim in his appeal of the denial of his PCR motion. The Missouri Court of Appeals for the Eastern District affirmed the PCR motion court's decision. The appellate court stated:

> We have reviewed the entire record in the underlying case, not merely an isolated segment, and find that the motion court did not clearly err in denying Movant's PCR Motion without an evidentiary hearing because the record conclusively refutes Movant's claims
>
> First, Counsel would not have been successful had he objected to the prosecutor's comments. The prosecutor's statements were made during rebuttal closing argument in response to the defense's closing arguments questioning the victim's and the victim's mother's credibility about Movant's guilt. The prosecutor had considerable leeway to make retaliatory arguments to the arguments made by the defense.
>
> Second, the prosecutor's arguments regarding the slow manner in which the truth emerges in cases of sexual abuse against a child were drawn on a reasonable inference from the evidence at trial and did not imply any special

8

knowledge of evidence pointing to Movant's guilt. The prosecutor's statement was not extensive, detailed, or factual. Conversely, it generally reflected the evidence at trial showing that the victim reported the sexual abuse in fragments over a period of time to investigators and police and at trial but also responded to the defense's closing argument accusing the victim of not telling anyone for "ten years" about "so-called child sex abuse" at the hands of Movant.

      Third, the prosecutor's arguments asking the jurors to put themselves in the victim's shoes and to imagine testifying to strangers about sexual abuse was not improper personalization. The prosecutor's statements did not suggest the jurors or their families were in personal danger if Movant were acquitted. The prosecutor did no task the jurors to imagine themselves as if they were the victims of sexual abuse but think about how difficult it would be to testify, as a teenager, to acts of sexual abuse committed by a father figure. Furthermore, the prosecutor's statements directly responded to the defense's attack on the victim's credibility in which Counsel argued that the victim had lied on the witness stand.

ECF No. 10-6, pgs. 8-9 (internal citations omitted).

Petitioner must show the appellate court's decision was contrary to, or involved an unreasonable application of, clearly established federal law for his claim to be successful. 28 U.S.C. § 2254(d). The Missouri appellate court's decision was not contrary to, or an unreasonable application of, clearly established federal law. An attorney's decision to object to a statement in closing arguments is often considered a "strategic" decision. *Bussard v. Lockhart*, 32 F.3d 322, 324 (8th Cir. 1994). Counsel must consider objections may antagonize the jury or underscore the prosecutor's words in the minds of the jury. *Id*. The issue then, on habeas review, is "whether [the prosecutor's comments] were so improper that counsel's only defensible choice was to interrupt those comments with an objection." *Id*. Here, it is clear the prosecutor's comments were not so improper that defense counsel's only choice was to object. If counsel had objected, it most likely would not have been successful, as the Missouri appellate court explained. The prosecutor's comments were not improper personalization. Improper personalization occurs when the prosecutor asks jurors to place themselves in the shoes of the victim or at the crime scene, arousing fear in the jury. *See Hall v. State*, 16 S.W.3d 582, 585 (Mo. 2000). It is not improper personalization if it does not suggest a "personal danger to the

jurors or their families if the defendant were to be acquitted." *State v. Tramble*, 383 S.W.3d 34, 38 (Mo. Ct. App. 2012). Trial counsel's strategic decision not to object during the prosecutor's rebuttal closing argument does not constitute ineffective assistance of counsel and the appellate court's decision is entitled to deference. This claim will be denied.

  C.  *Non-Cognizable Claims*

In claim sixteen of the supplement to his petition, Petitioner alleges an HP laptop was admitted into evidence that should not have been admitted. Petitioner states he was not in possession of the laptop when the illegal images were downloaded to the laptop so the evidence should not have been introduced against him. Petitioner also asserts the laptop was seized without a search warrant; the prosecutor presented the evidence knowing Petitioner could not have downloaded the images; and his trial counsel was ineffective for failing to investigate these issues.

His claim in regards to the laptop being seized without a search warrant in violation of the Fourth Amendment is not cognizable in a habeas petition in federal court. Petitioner had a full and fair opportunity to raise any Fourth Amendment violations before the trial court; therefore, Petitioner may not raise the claim in this Court. *Stone v. Powell*, 428 U.S. 465, 494 (1976) ("[W]e conclude that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at his trial."). The remainder of Petitioner's allegations in claim sixteen are procedurally defaulted because he did not raise them in either his PCR motion or his PCR appeal. This claim will be dismissed.

**IV. CERTIFICATE OF APPEALABILITY**

The Court finds Petitioner has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Petitioner's § 2254 Motion.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that Michael Arnold's *Pro Se* Petition under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* by a Person in State Custody [1] is **DENIED**. Petitioner Michael Arnold's Petition is **DISMISSED**, with prejudice.

**IT IS FURTHER ORDERED** that Petitioner Michael Arnold's Motion for Leave to Supplement [25] is **GRANTED, in part, and DENIED, in part**. The Court accepts for filing Petitioner's supplemental motion for habeas relief. The claims asserted in the motion are **DENIED**, and shall be **DISMISSED**, with prejudice.

**IT IS FURTHER ORDERED** that Petitioner Michael Arnold's Motion for Order Summary Judgment to Grant Habeas Corpus Relief to Reverse Trial Court Ruling and Remand for Acquittal of All Charges and Allegations [40] is **DENIED**.

So ordered this 22nd of October, 2018.

_____
 E. RICHARD WEBBER
 SENIOR UNITED STATES DISTRICT JUDGE